# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00209-CV

---

**Robert Volino, Appellant**

**v.**

**Texas Department of Motor Vehicles, Appellee**

---

### DIRECT APPEAL FROM THE TEXAS DEPARTMENT OF MOTOR VEHICLES
### MOTOR VEHICLE DIVISION
### DOCKET NO. 20-0015602.ENF, MVD CASE NO. 22-0004779

---

## M E M O R A N D U M   O P I N I O N

This is a direct appeal from a decision by the Texas Department of Motor Vehicles, taken under the occupations code. *See* Tex. Occ. Code § 2301.751. As explained below, we dismiss the appeal for want of jurisdiction.

### PROCEDURAL SUMMARY

In March 2020, appellant Robert Volino filed an application to renew his license as a used-auto dealer. In December 2021, the Department sent a letter stating that it recommended that his application be denied. The Department explained that Volino could contest the decision by asking for a hearing within twenty-six days. The letter was sent by certified mail to Volino's last known address on file with the Department, on Court Road, and to the car dealership's physical address on Telephone Road. The Department received back the

"green card" certified-mail receipt from the delivery of the final order that was sent to the Telephone Road address. When Volino did not respond, the Department issued a final order denying Volino's application on January 18, 2022, sending notice to the Telephone Road and Court Road addresses, as well as to another address. Again, the Department received back the green-card receipt from the notice sent to the Telephone Road address, but the letters sent to Court Road and the additional address were returned as undeliverable, "unable to forward." On February 12, Volino filed a motion for rehearing, arguing that he had not been properly served with the December letter recommending denial and asserting that the letter should have been sent to an address he had listed with the Secretary of State or via email. On March 14, the Director of the Department issued an order denying the motion for rehearing, from which Volino filed a notice of appeal in this Court on April 14, 2022. In its brief, the Department argues that we lack jurisdiction over Volino's appeal because he filed his petition for judicial review thirty-one days after the Department's decision overruling his motion for rehearing.

## RELEVANT STATUTES

Under the occupations code, a party can seek judicial review in a Travis County district court or directly in this Court. *Id*. § 2301.751(a). Judicial review in this Court "is initiated under Chapter 2001, Government Code, in the manner review is initiated for a proceeding in a district court." *Id*. § 2301.751(c). Chapter 2001, the Administrative Procedure Act (the APA), in turn provides that a suit for judicial review in a contested case is initiated by filing a petition "not later than the 30th day after the date" the decision is final and appealable. Tex. Gov't Code § 2001.176(a).

2

**DISCUSSION**

For years, the general rule was that in a case involving a statutory cause of action, strict compliance with all statutory prerequisites, including filing deadlines, was "necessary to vest a trial court with jurisdiction." *Texas Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 286 (Tex. 2019) (quoting *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012)).[1] When concerns arose with that approach because of "the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction," the supreme court overruled its precedent "to the extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000). The supreme court instructed courts to apply the general principles of statutory interpretation to determine whether a statutory deadline or other requirement is jurisdictional—considering the purpose and plain meaning of the statute, whether there are specific consequences to noncompliance, and the consequences of all proposed interpretations—and to start with a presumption that the legislature did not intend the requirement to be jurisdictional. *See Chicas*, 593 S.W.3d at 287-91 (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306-10 (Tex. 2010) (orig. proceeding)).

However, after the supreme court issued its opinion in *University of Texas Southwest Medical Center at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004), expanding the *Kazi* holding to governmental entities, the legislature enacted section 311.034 of

---

[1] In *Texas Mutual Insurance Co. v. Chicas*, the court considered whether a 45-day deadline set out in the labor code is jurisdictional or simply mandatory and concluded that, based on the language of the statute, the court's recent caselaw on the issue, and the overall purpose of the Texas Workers Compensation Act, it is not jurisdictional. 593 S.W.3d 284, 287-91 (Tex. 2019); *see also In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010) (orig. proceeding) (concluding that two-year deadline to file employment discrimination suit is not jurisdictional).

3

the government code, which is titled, "Waiver of Sovereign Immunity," and states, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity," Tex. Gov't Code § 311.034; *see Chatha*, 381 S.W.3d at 511. Section 311.034, the supreme court explained, "effectively abrogated" the holding in *Loutzenhiser* and "evinces the Legislature's intent that all statutory prerequisites are now jurisdictional requirements as to governmental entities and are properly asserted in a plea to the jurisdiction." *Chatha*, 381 S.W.3d at 511. Thus, the court held, "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Id*. at 515.

The supreme court reaffirmed that conclusion in *City of Madisonville v. Sims*, holding that a deadline imposed by the Texas Whistleblower Act is jurisdictional when the suit is brought against a governmental entity:

> We said in *Chatha* that "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional when the defendant is a governmental entity." *Chatha* concerned the former—whether the failure to timely file an administrative complaint was jurisdictional. This case concerns the latter. Because Sims failed to timely file his lawsuit, he failed to satisfy a jurisdictional statutory prerequisite to suit.

620 S.W.3d 375, 380 (Tex. 2020) (citations omitted); *see also United Servs. Auto. Ass'n*, 307 S.W.3d at 308 ("While the Legislature could make the Labor Code filing deadlines jurisdictional, as it has in cases involving statutory requirements relating to governmental entities, *see* Tex. Gov't Code § 311.034 (providing that 'statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity'), it has not done so here.").

4

Volino's suit for judicial review is against the Department, a governmental entity. Therefore, the statutory prerequisites set out in the APA, including the thirty-day deadline to file the petition for review, are jurisdictional and not merely mandatory. *See Sims*, 620 S.W.3d at 380. Because Volino did not file his petition for judicial review in this Court within thirty days, we lack jurisdiction over the proceeding. *See Allee Corp. v. Texas Dep't of Motor Vehicles*, No. 03-13-00096-CV, 2014 WL 6612381, at *4 (Tex. App.—Austin Nov. 21, 2014, no pet.) (mem. op.) (affirming trial court's dismissal for want of jurisdiction when appellant filed petition for judicial review in trial court two days after thirty-day deadline).

## CONCLUSION

Applying supreme court precedent as set out in *Sims* and *Chatha*, we dismiss the appeal for want of jurisdiction.

_____

Edward Smith, Justice

Before Justices Baker, Smith, and Jones*

Dismissed for Want of Jurisdiction

Filed:   March 24, 2023

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

5